TJS

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JESUS BADAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  16-917 (RJL) |
| | ) | |
| LASER SPINE INSTITUTE, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**FILED**

NOV 16 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## ORDER

November ___15___, 2016 [Dkt. #3]

Before the Court is defendants' Motion to Dismiss [Dkt. #3] in which they argue,

*inter alia*, that plaintiff cannot bring this medical malpractice lawsuit in the District of

Columbia, citing the fact that the procedure took place in the Eastern District of

Pennsylvania.  Defendants ask the Court to dismiss for lack of personal jurisdiction over

the defendants or, in the alternative, because plaintiff  did not meet the local statutory

requirements for bringing medical malpractice challenges in the District of Columbia.

Plaintiff's opposition to the motion to dismiss [Dkt. #6] admits that the case should have

been brought in the Eastern District of Pennsylvania, where, it argues, neither of those

grounds for dismissal would apply.  It requests the Court transfer the case to that district

in accordance with 28 U.S.C. § 1406 and in the interest of justice.  I agree with plaintiff

that justice so dictates when, as here, threshold arguments for dismissal are rendered

inapplicable after transfer.

Accordingly, it is

**ORDERED** that this case be **TRANSFERRED,** in the interest of justice, to the

United States District Court for the Eastern District of Pennsylvania.

SO ORDERED.

RICHARD J. LEON
United States District Judge

2

CLOSED,JURY,TRANSFER-OUT,TYPE-B

## U.S. District Court
### District of Columbia (Washington, DC)
### CIVIL DOCKET FOR CASE #: 1:16-cv-00917-RJL



BADAL v. LASER SPINE INSTITUTE et al
Assigned to: Judge Richard J. Leon
Demand: $250,000
Cause: 28:1332 Diversity-Medical Malpractice

Date Filed: 05/13/2016
Date Terminated: 11/16/2016
Jury Demand: Plaintiff
Nature of Suit: 362 Personal Inj. Med.
Malpractice
Jurisdiction: Diversity

**Plaintiff**

**JESUS BADAL**                          represented by **Robert Wiley King**
                                         ROBERT W. KING, ATTORNEY AT
                                         LAW
                                         530 Baltimore Avenue
                                         Unit 210
                                         Hyattsville, MD 20781
                                         (301) 699-1340
                                         Fax: (301) 699-1245
                                         Email: bobking@silverkinglaw.com
                                         *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**LASER SPINE INSTITUTE**                represented by **Thomas L Doran**
                                         DECARO, DORAN, SICILIANO,
                                         GALLAGHER & DEBLASIS, LLP
                                         17251 Melford Boulevard
                                         Suite 200
                                         Bowie, MD 20715
                                         (301) 352-4957
                                         Fax: (301) 352-8691
                                         Email: tdoran@decarodoran.com
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**KEITH GIRTIN**                         represented by **Thomas L Doran**
                                         (See above for address)
                                         *LEAD ATTORNEY*
                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**ERIC FINKELSTEIN**                     represented by **Thomas L Doran**

District of Columbia live database

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/13/2016 | 1 | COMPLAINT against ALL DEFENDANTS with Jury Demand (Fee Status:Filing Fee Waived) filed by JESUS BADAL. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 Summons)(King, Robert) (Entered: 05/13/2016) |
| 05/16/2016 | | Case Assigned to Judge Richard J. Leon. (md) (Entered: 05/16/2016) |
| 05/16/2016 | | Filing fee Paid: $ 400, receipt number 461607662. (md) (Entered: 05/16/2016) |
| 05/17/2016 | 2 | SUMMONS (3) Issued Electronically as to ERIC FINKELSTEIN, KEITH GIRTIN, LASER SPINE INSTITUTE. (Attachments: # 1 Notice of Consent) (md) (Entered: 05/17/2016) |
| 09/02/2016 | 3 | MOTION to Dismiss for Lack of Jurisdiction by ERIC FINKELSTEIN, KEITH GIRTIN, LASER SPINE INSTITUTE (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Doran, Thomas) (Entered: 09/02/2016) |
| 09/26/2016 | 4 | STATUS REPORT *Regarding Pending Motion to Dismiss* by LASER SPINE INSTITUTE. (Doran, Thomas) (Entered: 09/26/2016) |
| 10/11/2016 | 5 | ORDER: It is hereby ordered that plaintiff shall within 14 days of this order show cause in writing why the action should not be dismissed for failure to prosecute pursuant to Local Rule 83.23. Signed by Judge Richard J. Leon on 10/07/16. (tb) (Entered: 10/11/2016) |
| 10/21/2016 | 6 | RESPONSE re 3 MOTION to Dismiss for Lack of Jurisdiction filed by JESUS BADAL. (Attachments: # 1 Text of Proposed Order)(King, Robert) (Entered: 10/21/2016) |
| 11/04/2016 | 7 | REPLY to opposition to motion re 3 MOTION to Dismiss for Lack of Jurisdiction *and Reply to Answer to Show Cause Order* filed by LASER SPINE INSTITUTE. (Doran, Thomas) (Entered: 11/04/2016) |
| 11/16/2016 | 8 | ORDER TRANSFERRING CASE to the United States District Court for the Eastern District of Pennsylvania. SEE ORDER FOR FULL DETAILS. Signed by Judge Richard J. Leon on 11/16/16. (tb) (Entered: 11/16/2016) |
| 11/28/2016 | | Case transferred to the United States District Court for the Eastern District of Pennsylvania, pursuant to Court Order entered 11/16/2016. Sent to Court by extraction. (jf) (Entered: 11/28/2016) |
| 11/28/2016 | 9 | NOTICE of Extraction of case transferred to United States District Court for the Eastern District of Pennsylvania (jf) (Entered: 11/28/2016) |

| PACER Service Center |
|---|
| |

| Transaction Receipt | | | |
|---|---|---|---|
| 11/30/2016 09:25:08 | | | |
| **PACER Login:** | ue0496:4286791:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:16-cv-00917-RJL |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

*Transfer from the District of Columbia → 11/28/16*

*16-CV-6242*

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**6242**

Address of Plaintiff: *620 Raleigh Place, Washington, DC 20012*

Address of Defendant: *Tampa, Florida; Wayne, PA*

Place of Accident, Incident or Transaction: *Wayne, PA*
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐  No☒

Does this case involve multidistrict litigation possibilities?      Yes☐  No☒
RELATED CASE, IF ANY: _____
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify) *Medical Malpractice*
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
              Attorney-at-Law            Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: *11/28/16*   *Steve Torras*   *Deputy Clerk*
                    Attorney-at-Law            Attorney I.D.#

CIV. 609 (5/2012)

**NOV 28 2016**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

Jesus Badal : CIVIL ACTION

v.

Laser Spine Institute : 16    6242

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                               ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

11/28/16        Steve Tomas              Deputy Clerk
**Date**        **Attorney-at-law**      **Attorney for**

_____    _____          _____
**Telephone**       **FAX Number**           **E-Mail Address**

(Civ. 660) 10/02

NOV 28 2016

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.