# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JESUS BADAL** | : | |
| **620 Raleigh Place SE** | : | |
| **Washington, DC 20032** | : | |
|       **Plaintiff** | : | |
| | : | |
| vs | : | **Civil Action No.:** |
| | : | |
| **LASER SPINE INSTITUTE** | : | |
| **676 Swedesford Road** | : | |
| **Wayne, PA 19087** | : | **Jury Trial Demanded** |
| | : | |
| and | : | |
| | : | |
| Dr. Keith Girtin | : | |
| **676 Swedesford Road** | : | |
| **Wayne, PA 19087** | : | |
| | : | |
| and | : | |
| | : | |
| **Dr. Eric Finkelstein** | : | |
| **676 Swedesford Road** | : | |
| **Wayne PA 19087** | : | |
| | : | |
|       **Defendants** | : | |

## COMPLAINT

### The Parties

1. The Plaintiff, Jesus Badal, citizen of the District of Columbia, residing at 620 Raleigh Place SE, Washington, DC 20012

2. The Defendant, Laser Spine Institute is a Florida Limited Liability Company, with its principal place of business located at 3001 North Rocky Point Drive E., Suite 185, Tampa, Florida 33607 and a local facility located at 676 Swedesford Road, Wayne, PA 19087.

    The Defendant Keith Girtin is an orthopaedic surgeon with offices located at 676 Swedesford Road, Wayne, PA 19087. He is an employee and agent of the Laser Spine Institute.

The Defendant Eric Finkelstein is an orthopaedic surgeon with offices located at 676 Swedesford Road, Wayne, PA 19087. He is an employee and agent of the Laser Spine Institute.

## JURISDICTION

3. The Subject matter over the controversy that is the subject of this Complaint is invoked pursuant to 28 U.S.C. section 1332 since the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000.00.

4. Personal jurisdiction is proper in that the Defendants regularly do business in the District of Columbia by advertising on television to solicit patients in the District of Columbia.

## VENUE

5. The is the proper venue for this matter since the Defendant Laser Spine Institute do business within the District of Columbia by its repeated television advertising of its services on television stations in the District of Columbia. The television advertising solicits individuals in the District of Columbia who have back problems to contact to contact the Laser Spine Institute for its services.

## BACKGROUND

6. The Plaintiff, Jesus Badal, was injured in an automobile accident on June 28, 2010. His back was injured in the cervical area and the lumbar area. The Plaintiff was treated with no success by orthopaedic surgeons, pain management physicians, neurosurgeons, chiropractic and had numerous epidurals in his spine, in the Washington area without success. The Plaintiff viewed repeated television advertisements by the Defendant, Laser Spine Institute, indicating that it could treat his back and neck problems with minimally invasive laser surgery.

7. At all times material, Laser Spine Institute directly marketed itself to the general

public as a provider of minimally invasive outpatient surgical procedures to persons suffering from back pain. Laser Spine Institute overstated benefits of its procedures in its comparisons between the alternative endoscopic procedures that it provides to patients and open procedure more traditionally provided to patients.

8. Laser Spine Institute, through its direct to the public marketing campaign, attempts to create the impression that its alternative endoscopic treatments are comparable to and provide even more effective results than conventional open fusion procedures by claiming that it is able to provide an "advanced alternative to fusions and hardware," and that it is able to do so with no hospitalizations, smaller incisions, less blood loss, no general anesthesia, "cutting edge medical technology," shorter recovery times, and a return to normal activity within days. The traditional back surgery requires extensive hospitalizations, much longer recovery times, greater blood loss, and longer down time.

9. The direct to the public marketing tactics employed by Laser Spine Institute, however, mistake the facts and mislead the general public. For example, Laser Spine Institute fails to tell the public through its marketing that its alterative outpatient endoscopic spinal procedures only temporarily treat symptoms and cannot treat and provide a long term solution for many of the underlying conditions which cause chronic and recurring back pain.

10. In this direct to the public marketing and advertising, Laser Spine Institute fails to inform the public it can only treat the resulting symptoms of those conditions, and the relief obtained, if any, will only be temporary, Laser Spine Institute also fails to tell the public and its patients, including BADAL, that any benefit related to the laser ablation procedures advertised by Laser Spine Institute will only be temporary as the nerve endings which are burned off by this procedure regenerate over time, and there is no clinical basis to conclude that it can serve as a

permanent solution to such injuries.

11. Laser Spine Institute, through its direct to the public advertising and marketing misleads the general public and its patients regarding the effectiveness of its treatments in addressing the cause of patient back pain and related symptoms by overstating the capabilities of the non-hospital based outpatient procedures it provides. It systematically and intentionally fails to provide unbiased, medically accurate, and complete explanations of the relative capabilities of procedures available to treat patients, such as BADAL, who are suffering from back pain and back pathology.

## COUNT 1

### *(Medical Negligence against GIRTIN and FINKELSEIN)*

12. The Plaintiff adopts all the allegations in paragraphs 1 through 11 and further states.

13. BADAL came under the care of Girtin, Finkelstein and LASER SPINE INSTITUTE.

14. On May 13, 2013, Girtin, assisted by Finkelstein performed laser surgery on Badal in the L5/S1 area of his spine.

15. On May 20, 2013 Girtin, assisted by Finkelstein performed laser surgery on Badal in the C5/C6 area of his spine.

16. The total charge for these two outpatient surgeries was $193,204.32.

17. On May 13, 2013, GIRTIN performed spine surgery on BADAL. Specifically, GIRTIN performed destruction by thermal ablation of the paravertebral Facet Joint Nerves bilaterally at BADAL'S L5/S1 level and on the left side at L4/5. GIRTIN also performed Lumbar Laminotomy and Foraminotomy including partial Facetectomy with decompression of the Nerve Roots on the right at L4/5.

18. The surgery performed by GIRTIN and assisted by FINKELSTEIN was not medically indicated and performing such a surgery under the circumstances of the case was beneath the

applicable standard of care.

BADAL'S presentation, including his history, diagnostic test results, and imaging studies made plain that the procedures performed would not address his pathology, and would unnecessarily expose him to injury and damages.

19. GIRTIN and FINKELSTEIN knew or should have known that the surgery he performed on BADAL was not indicated, but chose to perform such surgery for financial gain and with the utter disregard for the safety and well being of his patient.

20. The acts and omissions set out above constitute breaches of the prevailing professional standard of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably careful and similarly trained physicians.

21. As a direct and proximate result of the above negligence and wrongful conduct, BADAL suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of earning capacity and aggravation of a previously existing condition; the injuries are either permanent or continuing in nature and BADAL will suffer the losses and impairment in the future.

22. Within a few weeks after the surgery, all pain returned to BADAL'S back.

23. Laser Spine Institute and Girtin and Finkelstein informed BADAL that a second surgery would be necessary. BADAL was informed that he would have to post $50,000.00 in advance of the surgical procedure.

24. The conduct causing BADAL'S injuries was so gross and flagrant as to show a reckless disregard of human life or of the safety of persons exposed to the effects of such conduct; or the conduct showed such an entire lack of care that there must have been conscious indifference to the

consequences; or the conduct showed such an entire lack of care that there must have been wanton or reckless disregard for the safety of the public; or the conduct showed such reckless indifference to the rights of others as to be equivalent to an intentional violation of those rights.

WHEREFORE Plaintiff demands judgment for punitive and compensatory damages against defendant, together with costs and prejudgment interest on medical expenses actually paid and other economic damages, and such other and further relief as this court may deem proper.

## COUNT II

### Negligence/Direct and Vicarious Liability against

### LASER SPINE INSTITUTE

25. The Plaintiff adopts the allegations in paragraphs 1 through 24 and further states.

26. The wrongful conduct described above occurred within the scope of GIRTIN AND FINKELSTEIN'S employment with Laser Spine Institute. Moreover, Laser Spine Institute participated in, ratified and condoned GIRTIN and FINKELSTEIN'S wrongful acts or omissions.

WHEREFORE Plaintiff demands judgment for punitive and compensatory damages against defendant Laser Spine Institute, together with costs and prejudgment interest on medical expenses actually paid and other economic damages, and for such other and further relief this honorable court may deem just and proper.

## COUNT III

### FRAUD

27. The Plaintiff adopt the allegations in Paragraphs 1 through 21 and further states:

28. The actions of the Defendant Laser Spine Institute, individually, and through its agents, defendants Girtin and K. Finkelstein, in failing to inform the Plaintiff that the procedures

recommended and performed were not medically necessary and that the procedures would only temporarily relieve the pain was dishonest and that their actions were so gross and misleading as to amount to fraud. In addition, their charge of $193,204.32 for two unnecessary outpatient surgeries and their attempt to cause the Plaintiff to expend another $50,000.00, is unconscionable, amounts to price gauging and fraud upon Badal and the public in general. The Defendants knew, or should have known that the surgeries would not do what they claimed and yet they continued to fraudulently claim that the procedures would cure his pains on a permanent basis.

WHEREFORE Plaintiff demands judgment for punitive and compensatory damages against defendant, together with costs and prejudgment interest on medical expenses actually paid and other economic damages, and such other and further relief as this court may deem proper.

    /s/ Robert W. King
Robert W. King 922575
Attorney for Plaintiff
5303 Baltimore Ave. Suite 210
Hyattsville, MD 20781
(301) 699-1340
Fax: (301) 699-1245
Email:bobking@silverkinglaw.com

# CIVIL COVER SHEET

JS-44 (Rev. 3/16 DC)

**I. (a) PLAINTIFFS**
Jesus Badal
620 Raleigh Place SE
Washtigton, DC 20032

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **DC**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert W. King
Robert W. King, Attorney at Law
5303 Baltimore Ave. Suite 210
Hyattsville, MD 20781

**DEFENDANTS**
Laser Spine Institute
676 Swedsford Road
Berwyn PA 19087

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)
- ○ 1 U S Government Plaintiff
- ○ 3 Federal Question (U S Government Not a Party)
- ○ 2 U S Government Defendant
- ● 4 Diversity (Indicate Citizenship of Parties in item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ●1 | ○1 | Incorporated or Principal Place of Business in This State | ○4 | ○4 |
| Citizen of Another State | ○2 | ○2 | Incorporated and Principal Place of Business in Another State | ○5 | ●5 |
| Citizen or Subject of a Foreign Country | ○3 | ○3 | Foreign Nation | ○6 | ○6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place an X in one category, A-N, that best represents your Cause of Action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**
- ☐ 410 Antitrust

● **B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☒ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 27 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions
- ☐ 560 Civil Detainee – Conditions of Confinement

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

Other Statutes
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

- ☐ 470 Racketeer Influenced & Corrupt Organization
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/Privacy Act* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus – General<br>☐ 510 Motion/Vacate Sentence<br>☐ 463 Habeas Corpus – Alien Detainee | ☐ 442 Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loan (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Labor Railway Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities – Employment<br>☐ 446 Americans w/Disabilities – Other<br>☐ 448 Education | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights – Voting (if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi-district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Medical malpractice of the Defendants   *28 U.S.C. 1332 mm*

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23 ☐   DEMAND $ _____   JURY DEMAND:   Check YES only if demanded in complaint  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☐   If yes, please complete related case form

DATE: *5-13-16*   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed  Listed below are tips for completing the civil cover sheet  These tips coincide with the Roman Numerals on the cover sheet

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence  Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States

III. CITIZENSHIP OF PRINCIPAL PARTIES  This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II

IV. CASE ASSIGNMENT AND NATURE OF SUIT  The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint  You may select only <u>one</u> category  You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of the case

VI. CAUSE OF ACTION  Cite the U S Civil Statute under which you are filing and write a brief statement of the primary cause

VIII. RELATED CASE(S), IF ANY  If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia ▼

| | | |
|---|---|---|
| Jesus Badal<br>620 Raleigh Place SE<br>Washington, DC 20032 | )<br>)<br>)<br>)<br>)<br>) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 1:16:cv917 |
| Laser Spine Institute, et al<br>656 E. Swedesford Road<br>Wayne, PA 19087 | )<br>)<br>)<br>)<br>) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Laser Spine Institute
656 E. Swedesford Road, Suite 230
Wayne, PA 19087

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Robert W. King, Esq.
5303 Baltimore Ave, Suite210
Hyattsville, MD 20781

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:16:cv917

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia ▼

| | |
|---|---|
| Jesus Badal<br>620 Raleigh Place SE<br>Washington, DC 20032<br><br>*Plaintiff(s)*<br>v.<br>Laser Spine Institute, et al.<br>656 E. Swedesford Road, Suite 230<br>Wayne, PA 19087<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 1:16:cv917 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Keith Girtin
656 E. Swedesford Road, Suite 230
Wayne, PA 19087

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Robert W. King, Esq.
5303 Baltimore Ave, Suite210
Hyattsville, MD 20781

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:16:cv917

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| Jesus Badal<br>620 Raleigh Place SE<br>Washington, DC 20032<br><br>*Plaintiff(s)*<br><br>v.<br><br>Laser Spine Institute, et al.<br>656 E. Swedesford Road, Suite 230<br>Wayne, PA 19087<br><br>*Defendant(s)* | Civil Action No. 1:16:cv917 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Eric Finkelstein
656 E. Swedesford Road, Suite 230
Wayne, PA 19087

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Robert W. King, Esq.
5303 Baltimore Ave, Suite 210
Hyattsville, MD 20781

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 1:16:cv917

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____
                                                              *Server's signature*

                                                              *Printed name and title*

                                                              *Server's address*

Additional information regarding attempted service, etc: